UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL BARRETT, on behalf of himself and all others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> THE GARAGE CARS, LLC d/b/a THE GARAGE, <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Defendant the Garage Cars, LLC d/b/a the Garage (the "Garage Cars" or "Defendant") hereby files this Notice of Removal of the above-captioned action from the Massachusetts Superior Court for Plymouth County, Civil Action No. 2383CV00216, as per 28 U.S.C. §§ 1441 and 1446, based on the facts set forth below.

## BACKGROUND

Plaintiff Michael Barrett commenced this putative class action in the Massachusetts Superior Court for Plymouth County, captioned *Barrett v. the Garage Cars, LLC d/b/a the Garage*, Civil Action No. 2383CV00216, on March 16, 2023. Plaintiff's Class Action Complaint and Civil Action Cover Sheet is attached hereto as Exhibit A. On April 13, 2023, Plaintiff served the Garage Cars with the Complaint and summons. Plaintiff's Summons and the accompanying documents are attached hereto as Exhibit B. Allegedly, Plaintiff purchased a vehicle in or around August 2020 from the Garage Cars, the final purchase price of which included an undisclosed

documentary preparation fee in violate of M.G.L. c. 93A, § 2. Ex. A, ¶¶6-11, 14-18. Plaintiff purportedly brings this claim on behalf of himself and a class of similarly situated consumers. *Id.*, ¶19.

## REMOVAL IS TIMELY

As described above, Plaintiff served the Garage Cars on April 13, 2023. Because a civil action may be removed "[w]ithin 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .," and less than thirty days have passed since service of the complaint, removal of this action to this Court is timely. 28 U.S.C. § 1446(b).

## ACTION MAY BE REMOVED UNDER THE CLASS ACTION FAIRNESS ACT

Removal of this action to this Court is appropriate as minimal diversity exists between the Garage Cars and one of member of the proposed class, the amount-in-controversy exceeds $5,000,000, and the size of the class exceeds one hundred members, satisfying the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2). This statute permits a class action to be removed so long as the amount-in-controversy exceeds $5,000,000, exclusive of interests and costs; the action includes more than one hundred putative class members, and at least one class member is a citizen of a state different from any defendant. *Id.*, (d)(2), (4).

I.  **Minimal Diversity Requirement Satisfied.**

While it is alleged that Plaintiff resides in Massachusetts, that the Garage Cars is a business entity organized under the laws of Massachusetts, and that Plaintiff seeks to form a class "[o]f (a) all consumers residing in the Commonwealth of Massachusetts who, (b) within four years prior to the filing of this action, (c) paid a 'Documentary Preparation' fee to the [Garage Cars], (d) which fee was not included in the advertised price . . . ," residency does not

equate to citizenship. Ex. A, ¶¶ 2-3, 20; *Aponte-Dávila v. Mun. of Caguas*, 828 F.3d 40, 49 (1st Cir. 2016). Citizenship for the purposes of federal jurisdiction is determined at the time the action commenced by the parties' domicile, which is the place where they are physically present and intend to remain. See *Grupo Dataflux v. Atlas Glob. Grp, L.P.,* 541 U.S. 567, 570-1 (2004); *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001). Thus the relevant question is whether there is a reasonable probability that at least one of the proposed class members was domiciled outside of Massachusetts on March 16, 2023, when the action was filed. *See Dee v. Chelsea Jewish N. Shore Assisted Living, Inc.*, 585 F. Supp. 3d 119, 121 (D. Mass. 2022). There is reasonable probability here that at least one proposed class member is domiciled outside of Massachusetts. See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (notice of removal under CAFA need only contain plausible allegations).

II.    **Amount-in-Controversy Requirement Satisfied**

Plaintiff has not alleged a specific sum of damages in his complaint, but he claims damages of $5,000,000 on his state-court civil cover sheet. See *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 22 (D. Mass. 2014) (complaint cover sheet may be looked to in determining if the amount-in-controversy requirement has been met). Moreover, Plaintiff's prayer for relief includes a demand for attorneys' fees. See *Baker v. Equity Residential Mgmt, LLC*, 996 F. Supp. 2d 1, 7-8 (D. Mass. 2014) (attorneys' fees may be used to determine if amount-in-controversy has been satisfied if action is filed under statute that mandates recovery of attorneys' fees). Chapter 93A permits recovery of attorneys' fees. M.G.L. c. 93A, § 9. Here, because Plaintiff already claims damages of $5,000,000, the award of a single dollar in attorneys' fees would satisfy the amount-in-controversy requirement. Due to the fact that Plaintiff's counsel has prepared and filed a complaint, there is a near certain probability that Plaintiff has incurred at

least one dollar in attorneys' fees. *See Barbuto v. Advantage Sales & Mktg., LLC*, 148 F. Supp. 3d 145, 148-149 (D. Mass. 2015). As such, the amount-in-controversy exceeds $5,000,000.

**III.    Proposed Class Has More Than One Hundred Members.**

Based on the parameters of the class proposed by Plaintiff, it has more than one hundred members. Ex. A, ¶¶20, 22.

## VENUE

Venue lies in this Court under 28 U.S.C. §§ 1441 and 1446(a) as Plaintiff originally brought this action in the Massachusetts Superior Court for Plymouth County, which is within the District of this Court. As per 28 U.S.C. § 1446(d), the Garage Cars will provide written notice of this filing, along with a copy of this Notice of Removal, to the Clerk of the Superior Court for Plymouth County. A copy of the written notice to be provided is attached hereto as Exhibit C.  All adverse parties will receive of copy of the notice filed with the Superior Court. In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on the Garage Cars in this action are attached to this filing. Exs. A-B. The Garage Cars, which is the sole defendant in this action, by and through undersigned counsel, consents to removal of this action from Massachusetts Superior Court to this Court.

## CONCLUSION

Based on the foregoing, the above-titled action that is pending in Massachusetts Superior Court for Plymouth County is hereby removed to this Court.

                                                Respectfully Submitted,
Defendant the Garage Cars, LLC
d/b/a the Garage,
By its Attorneys,

*/s/ Eric R. LeBlanc*
Eric R. LeBlanc, BBO #666786
eleblanc@bennettandbelfort.com
Zachary H. Hammond, BBO #696465
zhammond@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800

Dated: May 8, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2023, a copy of the foregoing document was filed electronically through the Court's ECF system and served by first class mail, postage pre-paid, on the following:

Kevin Crick, Esq.  
Rights Protection Law Group, PLLC  
100 Cambridge Street  
Suite 1400  
Boston, MA 02114

Carolina K. Tumminelli, Esq.  
Rights Protection Law Group, PLLC  
100 Cambridge Street  
Suite 1400  
Boston, MA 02114

Yitzchak Zelman, Esq.  
Marcus & Zelman, LLC  
701 Cookman Avenue  
Suite 300  
Asbury Park, NJ 07712

                                          */s/ Zachary H. Hammond*  
                                          Zachary H. Hammond