IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BARRETT, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-v-<br><br>THE GARAGE CARS, LLC d/b/a THE GARAGE,<br><br>Defendant. | Civil Case Number: 1:23-cv-11018-NMG<br><br>ORAL ARGUMENT REQUESTED |

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 101
Asbury Park, New Jersey 07712
Phone:     (732) 695-3282
Fax:         (732) 298-6256
*Attorney for the Plaintiff*
*Michael Barrett*

i

## NATURE OF THE CASE

This case is exactly why class actions exist and are so important to protecting consumer rights.[1]  Massachusetts has a very basic law on the books, meant to eradicate the deceptive sales tactics commonly used by unethical car salesmen – the advertising of a vehicle at one price, with the imposition of a ton of added fees once the buyer arrives at the dealership eager to purchase the advertised vehicle.  To prevent such surprise fees, and to level the playing field so that honest car dealers are not competitively disadvantaged, the law makes clear that dealerships wishing to charge such fees must include them in the advertised price of the vehicle, providing that:

> "It is an unfair or deceptive act or practice for a motor vehicle dealer to advertise the price of motor vehicles unless such price includes **all** charges of any type which are necessary or usual prior to delivery of such vehicles to a retail purchaser, including without limitation any charges for freight, handling, **vehicle preparation and documentary preparation**, but excluding taxes and optional charges for the dealer's preparation of title and assistance in registering a vehicle."

*See,* 940 CMR 5.02 (3)(emphasis added).

Mr. Barrett filed this putative class action after purchasing a vehicle at the Defendant's dealership and being forced to pay hundreds of dollars for a 'documentary preparation' fee that was not included in the advertised price of the vehicle.  What discovery in this case has uncovered is that Mr. Barrett is very much not alone.  The Defendant sold several hundred vehicles during the class period.  The Defendant testified that it would *always* charge these car buyers a 'documentary preparation' fee.  However, the Defendant also expressly testified that it *never*

---

[1] The purpose of a class action is to promote judicial economy by avoiding duplicative suits against the same defendant, and to protect the rights of persons who may not be able to assert their claims on an individual basis.  *See, Crown, Cork, & Seal Co. v. Parking*, 462 U.S. 345 (1983).

includes these fees in the advertised price of the vehicle, as required under Massachusetts law, instead just adding those fees to the bottom line at the time of the purchase.

Class relief is therefore sought for each of these vehicle purchasers who were forced to pay these illegally added doc fees. Each of these class members have the exact same claim against the Defendant under Chapter 93A and 940 CMR 5.02: they were forced to pay hundreds of dollars in fees that could not legally be charged, since they were not included in the advertised price of the vehicle. Given that statutory damages are set by Chapter 93A at $25 per violation – and given that these documentary fees would generally not exceed $500 apiece – these widespread violations of the law would otherwise go unredressed, since it would literally cost these class members more just to file and serve their own individual complaints on the Defendant. For the reasons set forth below, it is respectfully submitted that certifying the proposed class in this action is eminently appropriate in this action.

## PROCEDURAL HISTORY

Plaintiff, Michael Barrett, commenced this action on March 16, 2023, in state court. *See,* Docket 1. After removing the case to this Court, Defendant then filed a Motion to Strike the Plaintiff's class allegations, claiming *inter alia* that the Plaintiff would not be able to certify this class because "it is unclear whether any other advertisements from the Garage Cars purportedly lack the requisite disclosures." *See,* Docket 13, at 4-5. The Court then denied that Motion as moot, after the Plaintiff amended his Complaint. *See,* Docket 22. A scheduling order was then put in place, setting the deadline for the completion of discovery and the filing of the Plaintiff's Motion for Class Certification. *See,* Docket 45. Pursuant to that Order, this Motion is now being timely filed.

**RELEVANT FACTUAL BACKGROUND**

In August of 2020, the Plaintiff went shopping for a personal vehicle for himself and his family. At that time, the Plaintiff saw that the Defendant was advertising on its website a 2013 Audi Q5 for sale for $14,995. *See,* Exhibit A. Interested in purchasing the vehicle, the Plaintiff then contacted the Defendant's dealership and negotiated the price of the vehicle, ultimately agreeing to pay $14,700 for the vehicle.

The Defendant then added an additional $100 fee for 'Title Preparation". However, the Defendant then illegally added an additional $489 fee for 'Documentary Preparation', which it refused to negotiate or remove. *See,* Exhibit B. This fee was plainly not included in the advertised sale price, as expressly required under 940 CMR 5.02 (3).

This is thus an open-and-shut violation of Chapter 93A (of which 940 CMR 5.02 (3) is a predicate violation), where the Defendant has acted identically towards the Plaintiff and the hundreds of similarly-situated class members that he seeks to represent. Class certification therefore makes sense here, so that these class members can have an actual opportunity at obtaining redress for being subjected to the Defendant's deceptive advertising and being forced to pay these illegally added fees – an opportunity they likely will not otherwise have. As discussed below, each of the Rule 23 elements for class certification are met here.

**I.   PROPOSED CLASS DEFINITIONS, CLASS COUNSEL AND NOTICE**

"An order that certifies a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Federal Rules of Civil Procedure 23(g)." Federal Rules of Civil Procedure 23(c)(1)(b). The proposed Class Counsel and definitions of the Class and Class Claims are set forth below.

### A. Class Definition

Plaintiff seeks to define the Class as:

> The class consists of (a) all consumers residing in the Commonwealth of Massachusetts who, (b) from March 16, 2019 to the present, (c) purchased a vehicle from, and paid a 'Documentary Preparation' fee to, the Defendant, (d) after viewing the Defendant's advertisement for that vehicle.

### A. Proposed Class Counsel

The Law Office of Marcus & Zelman, LLC is the only applicant seeking appointment as class counsel. The qualifications of Yitzchak Zelman, Esq. as Class Counsel are discussed in Legal Arguments below.

### B. Notice to the Class

After a class is certified under FRCP 23(b)(3), "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed.R.Civ.P. 23(c)(2)(B). *See also, Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173, 94 S.Ct. 2140 (1974) (construing Rule 23(c)(2)(B) and stating that "[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort."). There must be individual notice in this action because Defendant has the contact information for these individuals – having sold vehicles to these individuals, with all the attendant paperwork that purchasing and registering a vehicle requires – which Defendant has committed to producing to Plaintiff's counsel once the class is certified[2].

---

[2] Defendant took the position in discovery that the Plaintiff is not entitled to information reflecting the identities of the class members prior to the class being certified, but has stipulated to producing such information once the class is ultimately certified.

Therefore, if this Motion is granted, Plaintiff will move for approval of a notice for class-wide dissemination.

## II.     THE ELEMENTS FOR CLASS CERTIFICATION ARE MET

Before certifying a class, a district court must determine that the party seeking certification has satisfied the four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *See,* FRCP 23(a); *Ruiz v. NEI Gen. Contracting, Inc.*, No. 21-11722-WGY, 2024 U.S. Dist. LEXIS 35067, at *8 (D. Mass. Feb. 29, 2024). Furthermore, the party seeking certification must qualify under one of three criteria set forth in Rule 23(b). The Class satisfies each of the four requirements for class certification under Rule 23(a) and the requirements of Rule 23(b)(3).

### A.     Numerosity

The standard for numerosity under Rule 23(a) is not tied to a minimum number, but rather inquires whether the class is so numerous that joinder of all members is impracticable. While there is no magic number, courts have found numerosity to be satisfied by a class of forty members. *See, DeRosa v. Massachusetts Bay Commuter Rail Co.*, 694 F. Supp. 2d 87, 98 (D. Mass. 2010); *Ruiz v. NEI Gen. Contracting, Inc.*, 2024 U.S. Dist. LEXIS 35067, at *8; Moore's Fed. Prac. § 23.22[2]. In determining whether the numerosity element is met, it is not required to demonstrate the exact number of class members at this stage of the case and "courts may draw reasonable inferences from the facts presented to find the requisite numerosity." *McCuin v. Secretary of Health and Human Services*, 817 F.2d 161, 167 (1st Cir. 1987).

In this case, the Defendant has confirmed in its Interrogatory responses that it sold approximately 8-12 vehicles during the class period, and claims that it ceased operations in December, 2021. *See,* Exhibit C, Supplemental Response to Interrogatory 40. Since the class period commenced in March,

5

2019 (giving us a class period of 33 months) that means that the Defendant sold somewhere between 264 and 396 vehicles during the class period. The Defendant has also testified that it *always* charges each of its car buyers a documentary preparation fee of $489. *See,* Transcript of Defendant's Deposition, attached as Exhibit D, 54:6-12; 60:3-14. The Defendant has also testified that it *never* includes that fee in the advertised price of the vehicle, meaning that it would have illegally charged each of these hundreds of buyers these same $489 fees. *See id.,* 40:17 – 41:7. That is why the Plaintiff's vehicle was advertised for sale at $14,995, but which price did not include the documentary preparation fee of $489, which was added at the time of sale. *See id.,* 43:5-11.

Anticipating the Defendant's challenge, the only question here is whether these individuals – who each purchased a vehicle from the Defendant and paid this same $489 doc fee – were actually exposed to any of the Defendant's advertisements. As discussed below, Plaintiff proposes to have the class members submit Affidavit Claim Forms as part of the Class Notice process, confirming this one fact: that they did, in fact, view an advertisement for their vehicle before heading to the Defendant's dealership to purchase that vehicle. For the numerosity aspect of class certification, however, courts may draw reasonable inferences when determining whether joinder of these individuals would otherwise be impracticable. And it is reasonable to infer that, at least, 40 of these hundreds of class members (i.e., approximately 10%-15% of these car buyers) came to the Defendant's dealership to purchase a vehicle after seeing the Defendant's advertisement of that vehicle for sale.

Particularly in this day and age of the Internet, car buyers don't generally wander from small dealership to small dealership, hoping to stumble upon the exact vehicle they are looking for (style, color, and other options such as leather seats or safety features), at a price point they can afford. Instead, dealerships like the Defendant specifically advertise these vehicles for sale on the Internet (on their own website and elsewhere), because that is how they alert prospective buyers to the availability of these

6

specific vehicles for sale, just like they did for Mr. Barrett[3]. While it is certainly possible that *some* of these car buyers randomly walked into the Defendant's dealership without having first seen an advertisement of a vehicle for sale, it is certainly logical and reasonable to infer that *at least* a mere 10%-15% of these car buyers took the more traditional route of finding the vehicle online through one of Defendant's advertisements. And if they did so (which, ultimately, would be confirmed with the Affidavit Claim Forms discussed below), as logic dictates, then numerosity is well established here.

    **B.**       **Commonality**

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). The Rule does not require all questions of law or fact to be common. Indeed, even a single common question will suffice. *Wal–Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2556, 180 L.Ed.2d 374 (2011); *Natchitoches Parish Hosp. Serv. Dist. v. Tyco Int'l., Ltd.*, 247 F.R.D. 253, 264 (D. Mass. 2008). There is plainly a common question of law here, where the Plaintiff complains of the Defendant's practice in charging hundreds of dollars in documentary fees to himself and all of its other customers, despite not including those fees in the advertised price of the vehicle, and instead springing that fee once the buyer is already at the dealership and hooked for the purchase. Each of the other class members, whom he seeks to represent, all also paid this $489 fee despite these fees not being included in the advertised price of the vehicle.

Defendants engaged in a common course of conduct towards the Plaintiff and the class members by springing these hefty doc fees on them at the time of sale, without including those fees in the advertised price of the vehicle as required by law. At summary judgment, or at trial,

---

[3] Indeed, Defendant's witness confirmed that – in addition to the vehicles being advertised for sale on Defendant's own website – its sales leads would come in from a variety of advertising sources, including advertisements on Autotrader, an online marketplace for car buyers and sellers. *See,* Exhibit D, 56:16-23.

7

the Court will have to decide whether the Defendant violated Chapter 93A and 940 CMR 5.02 when they added these fees on to the price of the vehicle, rather than including them in the advertised price of the vehicle. The answer to that question can decide not only the claims of the Plaintiff, but also the claims of these hundreds of identically situated class members in one fell swoop. It is therefore respectfully submitted that the commonality required by FRCP 23(a)(2) is definitively established in this action.

### C. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of [those] of the class." Fed.R.Civ.P. 23(a)(3). Typical does not mean, however, that the representative's claims or defenses need be identical to all those in the class. *In re Credit Suisse-AOL Secs. Litig.*, 253 F.R.D. 17, 23 (D. Mass. 2008), citing *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 260 (D. Mass. 2005). "A representative party's claims are typical of the class if the representative 'can fairly and adequately pursue the interests of the absent class members without being sidetracked by her own particular concerns'." *Ruiz v. NEI Gen. Contracting, Inc.*, No. 21-11722-WGY, 2024 U.S. Dist. LEXIS 35067, at *10-11 (D. Mass. Feb. 29, 2024), quoting *Swack*, 230 F.R.D. at 264.

For the reasons set forth in Section B, supra, the claims of the Representative Plaintiff are typical for all Class Members. *See, Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. at 2551, n. 5 ("The commonality and typicality requirements of Rule 23(a) tend to merge such that similar considerations inform the analysis for both prerequisites"). There is no conflict between the Representative Plaintiff's claims and those of the Class, and so the typicality requirement is met. Furthermore, there are no unique facts or circumstances that would render Mr. Barrett atypical of the class members he seeks to represent, since he paid this deceptively added doc fee after first

8

seeing the advertised price of the vehicle (which did not include this doc fee in the price). As such, the typicality requirement is met.

### D. Adequacy of Representation

Rule 23(a) requires that the class representatives will "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). This question involves an inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir.2000). This inquiry "serves to uncover conflicts of interest between the parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). In other words, "a representative party is not adequate if there are conflicts of interest between the proposed representative and the class." *Ruiz v. NEI Gen. Contracting, Inc.*, 2024 U.S. Dist. LEXIS 35067, at *11. Merely lacking identical interest, however, is not enough for a representative party to be found inadequate. *Murray v. Grocery Delivery E-Servs. USA Inc.*, 55 F.4th 340, 345-46 (1st Cir. 2022). The interests of the representative parties must lead to conflicts which "are fundamental to the suit and . . . go to the heart of the litigation [in order to] breach the adequacy-of-representation standard." *Id.* at 346.

Mr. Barrett is an adequate class representative because there are no conflicts of interest between him and the proposed class. Nor is any such conflict possible, given the nature of the claims pled in this action. Mr. Barrett paid the same $489 doc fee as the other members of the Class, despite that doc fee not being included in the advertised price of the vehicle that he saw. He seeks the same relief for himself as he seeks for every other class member and does not seek anything more or different for himself. Mr. Barrett has pursued this action vigorously, responding to written discovery and taking off of work, on 2 separate occasions, to drive nearly 2 hours each way for his deposition (given

9

Defendant's insistence that the depositions take place in person, instead of via Zoom), as well as having retained adequate class counsel to represent himself and the class. As such, Plaintiff is an adequate class representative.

Similarly, Class Counsel is highly qualified, experienced, and able to conduct this litigation, as fully detailed below. It is therefore respectfully submitted that the adequacy requirement is firmly established in this action.

     **E.**     **Fed. R. Civ. P. 23(b)(3) Is Satisfied**

A class action may be maintained under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). The proposed class in this action satisfies the requirements of Rule 23(b)(3). The Rule 23(b)(3) inquiry is a two-pronged one. First the Court must find that the questions of law or fact common to the class members predominate over any questions affecting only individual class members. "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *See Anchem Products, Inc v Windsor*, 521 U.S 591, 623 (1997). "In order to meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof.' " *See, In Re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 136 (2nd Cir. 2001).

    The predominance criterion is met when there is a common factual link between all the class members and the defendant for which the law provides a remedy. *See, D'Alauro v GC Services Ltd. Partnership*, 168 F.R.D. 451, 458 (E.D.N.Y 1996). For the reasons expressed in

Sections B and C above, it is respectfully submitted that this requirement is met here, particularly where the illegality of Defendant's conduct is clear and all that remains to this case is confirming which of the class members viewed the Defendant's advertised price before proceeding to purchase their vehicle and paying the added doc fee.

A class action is also the superior method for resolving this litigation. The Plaintiff, and the individual class members, each paid an additional $489 doc fee to the Defendant that the Defendant was instead required to include in the advertised price of the vehicle. Should a car buyer prevail in bringing an individual lawsuit under Chapter 93A for being charged these unlawful fees, her potential recovery would be the recovery of the illegal fee or $25 in statutory damages, which is greater. *See,* Mass. Ann. Laws ch. 93A, § 9. It is well established that class actions are often the superior form of adjudication when the claims of the individual class members are small. *Korn v. Franchard Corp.,* 456 F.2d 1206, 1214 (2d Cir.1972). Indeed, the class members' interests in litigating separate actions is likely minimal given their potentially limited means with which to do so and the prospect of relatively small recovery in individual actions.

Furthermore, the class mechanism is far more efficient than requiring these individuals to sue individually and repeatedly on the exact same claim. Particularly given the similarity of these potential claims, the prospect of relatively small recovery on individual adjudications on identical issues with differing results makes class form superior to individual litigation by class members, and the efficient way to adjudicate these claims.[4].

---

[4] Certifying this case as a class action would also reduce the burden on the courts that would arise from many separate, yet virtually identical claims under Chapter 93A; would avoid duplicate discovery requests; would provide an efficient method for prompt resolution of the issue regarding the propriety of Defendant's conduct; and would result in a more expedient recovery for class members who would not have to seek individual legal representation once they were to become

11

It is anticipated that Defendant will argue that the Plaintiff's class is unascertainable and that individual questions will therefore predominate, because the Plaintiff will have to demonstrate that each class member saw the Defendant's deceptive advertisement before being charged the $489 doc fee by the Defendant. But there is an easy solution to that, where these customers of the Defendant can each be asked to verify their membership in the class through a straightforward claim form that is sent out with the class notice. *See e.g., In re Nexium Antitrust Litig.*, 777 F.3d 9, 20 (1st Cir. 2015)(rejecting challenge to class certification where the class members could certify their membership via the use of affidavits); *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 91 (2d Cir. 2018)("we see no ascertainability problem with having the class members submit sworn affidavits describing the circumstances under which the purchases were made"). Here, that claim form will simply ask the proposed members to verify the answer to this single question:

"Did You See An Advertisement For Your Vehicle Before You Purchased It?"

_____          _____
   YES                                              NO

Based upon the relief sought in this action, as well as the nature and scope of the proposed class definition affecting these individuals, the Plaintiff respectfully submits that it would be appropriate for this class to be certified as currently pled pursuant to Rule 23(b)(3).

### III.  THE COURT SHOULD APPOINT MARCUS & ZELMAN, LLC AS CLASS COUNSEL.

If this Court preliminarily certifies the Class, then Class Counsel should also be appointed. See Fed. R. Civ. P. 23(g)(1)(A). The key test is whether Class Counsel is qualified, experienced, and

---

aware of their rights against Defendant, if at all. Clearly, this is the sort of case that readily lends itself for class treatment.

12

generally able to conduct the litigation. *Petrolito v. Arrow Fin. Servs., LLC*, 221 F.R.D. at 310, quoting *In re Drexel Burnham Lambert,* 960 F.2d 285, 291 (2d Cir.1992). Class counsel must therefore be adequate under Rule 23(g)(1) and (2).

The Law Firm of Marcus & Zelman, LLC was co-founded by Yitzchak Zelman, Esq. in June, 2015. Mr. Zelman is qualified, experienced and able to conduct the within litigation, and has litigated thousands of consumer protection cases in the federal courts.

Since its founding in 2015, Marcus & Zelman, LLC has recovered millions of dollars on behalf of consumers whose rights have been violated, or who have been the subject of abusive and deceptive practices. In just the past nine years, the Firm has been regularly appointed as class counsel in consumer class actions – including in this district – in cases such as:

   i. *Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc.*, Case No. 3:15-cv-02519-PGS-LHG (D.N.J. 2017)($1,500,000.00 TCPA Class).
   ii. *Willis and Shvarts v. iHeartMedia, Inc.,* Case No. 16-CH-02455 (Cook County, Illinios) ($8,500,000.00 TCPA Class).
   iii. *Manopla v. Home Depot*, 3:15-cv-01120 (D.N.J.) ($4,350,000.00 TCPA Class).
   iv. *Richardson v. Verde Energy,* 5:15-cv-06325-WB (E.D. Pa. 2020)($3,000,000 TCPA Class).
   v. *Sussino v. Work out World*, No. 3:15-cv-05881 (DNJ 2019)(TCPA Class, currently stayed).
   vi. *Steve Ann Muir vs. Early Warning Service*, 2:16-cv-00521 (D.N.J.)
   vii. *Rodriguez v. AllianceOne*, Civil Case No. 2:15-cv-01224 (RAJ) (WD Wa.)
   viii. *Foerster v. First Collect*, Civil Case No. 1:17-cv-01338-JEJ (D.Delaware).
   ix. *Encarnacion v. Fin. Corp. of Am.*, No. 2:17-CV-566-FTM-38CM, 2018 WL 6250944 (M.D. Fla. Nov. 14, 2018)(FDCPA class).
   x. *Bereket v. Portfolio Recovery Assocs., LLC*, No. C17-812 RSM, 2018 WL 6266606, at *5 (W.D. Wash. Nov. 30, 2018) (FDCPA class).
   xi. *Beneli v. BCA Financial Services, Inc.*, Case No. 3:16-cv-02737-FLW-LHG (DNJ 2018) (FDCPA class).
   xii. *Pollak v. Portfolio Recovery Assocs., LLC*, No. CV 15-4025-BRM-DEA, 2018 WL 466241 (D.N.J. Jan. 17, 2018) (FDCPA class).
   xiii. *Tiernan v. G&R Collections*, 3:16-cv-02602 (M.D.TN 2018) (FDCPA class).
   xiv. *Willemsen v. Professional Recovery Services, Inc.*, Civil Case No. 1:14cv6421 (D.N.J. 2016)

     xv. *Krady v. A-1 Collection Agency, LLC*, Civil Case No. 3:14cv7062 (D.N.J. 2016)
    xvi. *Truglio v. CBE Group*, Civil Case No. 3:15-cv-03813 (D.N.J. 2017)
   xvii. *Hartman v. Medicredit, Inc.*, 2:15-cv-01596 (W.D. Pa. 2017)
  xviii. *O'Brien v. Waldman & Kaplan, PA*, Case No. 3:15-cv-07429-BRM-LHG (D.N.J. 2017)
    xix. *Dinaples v. MRS BPO, LLC*, Case No. 2:15-cv-01435 (W.D. Pa. 2017)
     xx. *Hartman v. Monarch Recovery Management, Inc.* Case No. 2:15-cv-01364-CB (W.D. Pa. 2017)
    xxi. *Etienne v. Reliant Capital Solutions, LLC*, Case No. 1:16-cv-02359-WFK-JO (E.D.N.Y. 2017) (FDCPA class).
   xxii. *Jackson v. RMB, Inc.* Civil Case No. 2:14cv2205-MF (D.N.J. 2015).
  xxiii. *Barenbaum v. Hayt, Hayt & Landau, LLC,* No. CV 18-4120, 2019 WL 4305761, at *13 (E.D. Pa. Sept. 10, 2019) (FDCPA class).
  xxiv. *Nieves v. A&J Collection Agency, Inc.*, No. CV 3:18-cv-17284-DEA (D.N.J. Nov. 15, 2019) (FDCPA class).
   xxv. *Kassin v. AR Resources, Inc.,* No. CV 16-4171 (FLW), 2018 WL 6567703 (D.N.J. Dec. 13, 2018) (FDCPA class).
  xxvi. *Reid v. Asset Recovery Solutions, LLC*, 1:17-cv-02095-AT (N.D. Ga February 19, 2020).
 xxvii. *Kaykov v. Coast Professional, Inc.*, 1:18-cv-06442-KAM-RLM (E.D.N.Y. Jan. 28, 2020).
xxviii. *Huber v. Simon's Agency, Inc.*, No. CV 2:19-01424, 2021 WL 5758938, at *2 (E.D. Pa. Dec. 3, 2021)(FDCPA class).
  xxix. *Lenorowitz v. Mosquito Squad of Fairfield & Westchester Cnty.*, No. 3:20-CV-01922 (JBA), 2022 WL 4367596 (D. Conn. Sept. 21, 2022).
   xxx. *Rocke v. Monarch Recovery Management, Inc.*, 1:20-cv-11736-RWZ [Docket 81] (D. Mass. May 11, 2023).

Mr. Zelman's practice is nearly exclusively concentrated in the area of Consumer Protection Law. Thus, just last year, the Honorable Judge Zobel found that "Marcus & Zelman, LLC has been shown to be experienced and competent in consumer class litigation." *Rocke v. Monarch Recovery Management, Inc.*, 1:20-cv-11736-RWZ [Docket 81] (D. Mass. May 11, 2023). And in *Kassin v. AR Res., Inc.*, No. CV 16-4171 (FLW), 2018 WL 6567703 (D.N.J. Dec. 13, 2018), the district court noted that Mr. Zelman "is experienced in handling numerous consumer-related and FDCPA types of cases in multiple states; and have been appointed class counsel in variety of cases." *Id.,* at *12. Similarly, in *Pollak v. Portfolio Recovery Assocs., LLC*, 285 F. Supp. 3d 812 (D.N.J. 2018), the Court held in another consumer class action that Marcus

14

& Zelman is "qualified and experienced in consumer action litigation and more than adequate to represent Plaintiffs and the class." *Id.,* at 844.

Mr. Zelman has diligently moved this case forward, from successfully opposing the Defendant's Motion to Strike, to obtaining the necessary written and oral discovery from the Defendant, through to the filing of this Motion for Class Certification. It is respectfully submitted that he will adequately represent the Class and should be appointed as Class Counsel.

## **CONCLUSION**

There is literally zero reason why class certification would not be appropriate in this action. Defendant imposed a $489 doc fee on Mr. Barrett at the time of the vehicle sale, rather than including that fee in the advertised price as required by law. If Defendant's conduct is found to have violated Chapter 93A and 940 CMR 5.02, that finding will be equally true to the claims of Mr. Barrett as well as the claims of the thousands of class members he seeks to represent. For these reasons, it is respectfully requested that the Plaintiff's Rule 23 Motion for Class Certification be granted in its entirety.

Dated: June 28, 2024

                         Respectfully submitted,

                         /s/ Yitzchak Zelman
                         Yitzchak Zelman, Esq. (YZ5857)
                         MARCUS ZELMAN, LLC
                         701 Cookman Avenue, Suite 101
                         Asbury Park, New Jersey 07712
                         Phone:     (732) 695-3282
                         Fax:         (732) 298-6256
                         Email: yzelman@marcuszelman.com
                         *Attorney for the Plaintiff*
                         *Michael Barrett*