UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL BARRETT, on behalf of himself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE GARAGE CARS, LLC d/b/a THE GARAGE,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:23-cv-11018 |

## DEFENDANT THE GARAGE CARS, LLC D/B/A THE GARAGE'S SUPPLEMENTAL ANSWERS TO PLAINTIFF MICHAEL BARRETT'S INTERROGATORIES

In compliance with Fed. R. Civ. P. 33, Defendant the Garage Cars, LLC d/b/a the Garage ("Garage Cars" or "Defendant") makes the following supplemental answers and objections to the interrogatories directed by Plaintiff Michael Barrett ("Mr. Barrett" or "Plaintiff").

## RESERVATION OF RIGHTS

Defendant makes all supplemental answers to the subsequent interrogatories without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving the following:

1. all objections as to competency, relevancy, materiality, privilege, and admissibility for any purpose in any proceeding, arbitration or the trial of this or any other action;

2. the right to object on any grounds to the use of any of the requested information in any proceeding, arbitration or trial of this or any other action;

3. the right to object on any grounds at any time to a demand for further answers to these or any other interrogatories or other discovery proceedings involving or relating to the subject matter of the interrogatories answered herein; and

4. the right at any time to revise correct, supplement, clarify, and/or amend the answers and objections set forth herein.

## ANSWERS AND OBJECTIONS

**INTERROGATORY NO. 4**

For each vehicle that you sold to an individual in the Commonwealth of Massachusetts since March 15, 2019, list the (a) name of purchaser, (b) last known address of purchaser, (c) last known email address of purchaser, (d) last known phone number of purchaser, and (e) the vehicle year, make and model of the purchased vehicle.

OBJECTIONS NO. 4

Because the Court has not certified Plaintiff's proposed class as per Fed. R. Civ. P. 23, Defendant objects to this interrogatory as overbroad, unduly burdensome, and as seeking information with no relevance to this matter prior to class certification. Defendant also objects to this interrogatory, in particular the language "For each vehicle that you sold to an individual in the Commonwealth of Massachusetts," as vague and ambiguous. Finally, Defendant objects to this interrogatory in so far as it seeks personal identifying information for putative class members which Defendant cannot provide prior to class certification. Standing on the latter objection, Defendant will not provide personal identifying information for putative class members. Notwithstanding, without waiving and specifically preserving the foregoing objections, and without withholding any responsive information in its possession, custody, and control except as stated above, Defendant answers as follows:

ANSWER NO. 4

    Michael J. Barrett and Sarah E. Clem
    10 Thoreau Road
    Plymouth, MA 02360
    conservation.barrett@gmail.com
    (781) 534-5927
    2013 Audi Q5

Please also see Plaintiff's Answer to Interrogatory No. 10 below. As per, Fed. R. Civ. P. 33(d), Defendant also directs Plaintiff to the documents produced under cover Request No. 1.

SUPPLEMENTAL ANSWER NO. 4

Notwithstanding, without waiving, and specifically preserving the foregoing objections, in addition to the information previously provided to Mr. Barrett, Defendant supplements its answer as to the number of vehicles sold in the pertinent period until it permanently closed in December 2021. Defendant sold approximately 8-12 vehicles per month during the pertinent period until it permanently closed in December 2021. This figure is an approximation as its sales records are no longer accessible because Defendant ceased operations in December 2021.

**INTERROGATORY NO. 5**

Of the vehicles listed in response in response to Interrogatory 4, identify how many of those purchasers paid a 'Documentary Preparation' Fee in connection with the purchase of that vehicle.

OBJECTIONS NO. 5

Because the Court has not certified Plaintiff's proposed class as per Fed. R. Civ. P. 23, Defendant objects to this interrogatory as overbroad, unduly burdensome, and as seeking information with no relevance to this matter prior to class certification. Finally, Defendant objects to this interrogatory in so far as it seeks personal identifying information for putative class members which Defendant cannot provide prior to class certification. Standing on the latter objection, Defendant will not provide personal identifying information for putative class members.

3

Notwithstanding, without waiving and specifically preserving the foregoing objections, and without withholding any responsive information in its possession, custody, and control except as stated above, Defendant answers as follows:

ANSWER NO. 5

Michael J. Barrett and Sarah E. Clem;

Please also see Plaintiff's Answer to Interrogatory No. 10 below. As per, Fed. R. Civ. P. 33(d), Defendant also directs Plaintiff to the documents produced under cover Request No. 1.

SUPPLEMENTAL ANSWER NO. 5

Notwithstanding, without waiving, and specifically preserving the foregoing objections, please see Defendant's Answer to Interrogatory No. 10 in its Answers and Objections to Michael Barrett's Interrogatories as well as Defendant's Supplemental Answer to Interrogatory No. 4 above.

**INTERROGATORY NO. 6**

Of the vehicles listed in response in response to Interrogatory 5, list the amount of the 'Documentary Preparation' Fee paid in connection with the purchase of that vehicle, and the date that the 'Documentary Preparation' Fee was paid.

OBJECTIONS NO. 6

Because the Court has not certified Plaintiff's proposed class as per Fed. R. Civ. P. 23, Defendant objects to this interrogatory as overbroad, unduly burdensome, and as seeking information with no relevance to this matter prior to class certification. Finally, Defendant objects to this interrogatory in so far as it seeks personal identifying information for putative class members that Defendant cannot provide prior to class certification. Standing on the latter objection, Defendant will not provide personal identifying information for putative class members.

Notwithstanding, without waiving and specifically preserving the foregoing objections, and without withholding any responsive information in its possession, custody, and control except as stated above, Defendant answers as follows:

ANSWER NO. 6

Michael J. Barrett and Sarah E. Clem paid $489.00 as a documentary preparation fee. Please also see Plaintiff's Answer to Interrogatory No. 10 below. As per, Fed. R. Civ. P. 33(d), Defendant also directs Plaintiff to the documents produced under cover Request No. 1.

SUPPLEMENTAL ANSWER NO. 6

Notwithstanding, without waiving, and specifically preserving the foregoing objections, please see Defendant's Answer to Interrogatory No. 10 in its Answers and Objections to Michael Barrett's Interrogatories as well as Defendant's Supplemental Answer to Interrogatory No. 4 above. Because its sales records are no longer accessible, Defendant cannot provide additional information regarding the dates on which customers paid the documentary preparation fee associated with their purchase of motor vehicles from Defendant.

**INTERROGATORY NO. 13**

State your net worth, and describe how the answer to this Interrogatory was reached.

OBJECTIONS NO. 13

Defendant objects to this interrogatory as vague for failure to define "net worth" and "reached," as compound, argumentative, and intended to harass. Defendant further objects to this interrogatory as overbroad as it seeks information with no relevance to this action. Furthermore, this interrogatory seeks to obtain discovery regarding Defendant's ability to satisfy an award of damages, which is inappropriate prior to entry of judgment in Plaintiff's favor. Standing on these objections, Defendant will not answer Interrogatory No. 13.

SUPPLEMENTAL ANSWER NO. 13

Notwithstanding, without waiving, and specifically preserving the foregoing objections,, Defendant supplements this interrogatory answer as to its net worth during the pertinent period until it permanently closed in December 2021. A comparison of its assets and liabilities for each year that Defendant operated within the pertinent period shows that Defendant had a net worth of $0 in 2019 and a net worth of $826.20 in 2020. Information regarding Defendant's net worth in 2021 is no longer accessible, and a comparison of Defendant's overall income and its overall expenses that year shows a profit of $893 before it permanently closed in December 2021. Currently, because Defendant ceased to exist as of December 2021, Defendant has no "net worth."

Signed under the pains and penalties of perjury:

*[signature]*

The Garage Cars, LLC d/b/a the Garage

                                                As to objections
                                                THE GARAGE CARS, LLC d/b/a
                                                THE GARAGE,
                                                By its attorneys,

Dated: January 31, 2023                     */s/ Zachary H. Hammond*
                                                Eric R. LeBlanc, BBO #666786
                                                eleblanc@bennettandbelfort.com
                                                Zachary H. Hammond, BBO #696465
                                                zhammond@bennettandbelfort.com
                                                Bennett & Belfort, P.C.
                                                24 Thorndike Street, Suite 300
                                                Cambridge, MA 02141
                                                (617) 577-8800

Signed under the pains and penalties of perjury:

_____
The Garage Cars, LLC d/b/a the Garage

|  |  |
|---|---|
|  | As to objections<br>THE GARAGE CARS, LLC d/b/a<br>THE GARAGE,<br>By its attorneys, |
| Dated: February 7, 2023 | */s/ Zachary H. Hammond*<br>Eric R. LeBlanc, BBO #666786<br>eleblanc@bennettandbelfort.com<br>Zachary H. Hammond, BBO #696465<br>zhammond@bennettandbelfort.com<br>Bennett & Belfort, P.C.<br>24 Thorndike Street, Suite 300<br>Cambridge, MA 02141<br>(617) 577-8800 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of February, 2023, I served a copy of the foregoing document via electronic mail onto Plaintiff's counsel.

                                               */s/ Zachary H. Hammond*
                                               Zachary H. Hammond