United States District Court

District of Massachusetts

|  |  |
|---|---|
| Michael Barrett, ) | ) |
| Plaintiff, ) | ) |
| ) | Civil Action No. |
| v. ) | 23—CV-11018-NMG |
| ) | |
| The Garage Cars, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Michael Barrett ("Barrett" or "plaintiff") filed a complaint on behalf of himself and all others similarly situated against The Garage Cars, LLC ("The Garage" or "defendant") in state court. The Garage subsequently removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

Plaintiff now moves to certify a class and have Marcus & Zelman, LLC appointed as class counsel (Docket No. 42). For the reasons that follow, the Court will allow the motion.

**I.   Background**

In his amended complaint, plaintiff alleges that in August, 2020, he was shopping for a vehicle and saw an advertisement on

The Garage's website listing a 2013 Audi Q5 vehicle for sale for $14,995. He contacted The Garage and, after negotiating the price, agreed to pay $14,700 for the vehicle. According to the complaint, The Garage then added a $100 fee for title preparation and a non-negotiable $489 fee for "documentary preparation".

Plaintiff avers that The Garage failed to disclose the $489 documentary preparation fee in its online advertisement or otherwise include the fee in the vehicle's advertised sale price, thereby violating Mass. Gen. Laws ch. 93A and 940 Code Mass. Regs. §5.02(3) ("Section 5.02(3)"). Section 5.02(3) makes it an unfair or deceptive practice

> for a motor vehicle dealer to advertise the price of motor vehicles unless such price includes all charges of any type which are necessary or usual prior to delivery of such vehicles to a retail purchaser, including without limitation any charges for freight, handling, vehicle preparation and documentary preparation, but excluding taxes and optional charges for the dealer's preparation of title and assistance in registering a vehicle.

Plaintiff contends that The Garage charges all of its customers that same fee despite failing to advertise it. Accordingly, he seeks to bring claims on behalf of himself and a class of similarly situated consumers pursuant to Fed. R. Civ. P. 23.

## II. Motion for Class Certification

Barrett moves to certify a class of customers pursuant to Fed. R. Civ. 23(b)(3). He seeks to define the class as

> (a) all consumers residing in the Commonwealth of Massachusetts who, (b) from March 16, 2019 to the present, (c) purchased a vehicle from, and paid a 'Documentary Preparation' fee to, the Defendant, (d) after viewing the Defendant's advertisement for that vehicle.

Defendant opposes the motion.

### A. Legal Standard

Class actions serve as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013) (cleaned up). A court may certify a class only if it finds that the proposed class satisfies all the requirements of Fed R. Civ. P. 23(a) ("Rule 23(a)") and that class-wide adjudication is appropriate for one of the reasons set forth in Fed. R. Civ. P. 23(b). Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003).

A district court must conduct a "rigorous analysis" under Rule 23 before certifying the class. Id. It may look behind the pleadings, predict how specific issues will become relevant to facts in dispute and conduct a merits inquiry to the extent that the merits overlap with the Rule 23 criteria. See In re New

Motor Vehicles Canadian Exp. Antitrust Litig., 522 F.3d 6, 20 (1st Cir. 2008).

Rule 23(a) requires that a class meet the following four criteria:

> 1) the class is so numerous that joinder of all members is impracticable;
> 2) there are questions of law or fact common to the class;
> 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> 4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4).

Here, plaintiffs seek to certify the proposed classes under Rule 23(b)(3), which requires that common questions of law or fact "predominate" over those affecting individual class members and that a class action be the "superior" method for fair and efficient adjudication. The standard for demonstrating Rule 23(b)(3) predominance is "far more demanding" than that for the related requirement of Rule 23(a)(2) commonality. In re New Motor Vehicles, 522 F.3d at 20.

**B.  Rule 23(a)**

   **1.  Numerosity**

To satisfy the numerosity requirement, a plaintiff must demonstrate that the class is so numerous that joinder would be "impracticable." Fed. R. Civ. P. 23(a)(1) ("Rule 23(a)(1)"). While the requirement presents a "low hurdle" that can be met if

even a single common legal or factual issue exists, S. States Police Benevolent Ass'n v. First Choice Armor & Equip., Inc., 241 F.R.D. 85, 87 (D. Mass. 2007), "mere speculation as to the number of parties is not sufficient to satisfy Rule 23(a)(1)." Swack v. Credit Suisse First Boston, 230 F.R.D. 250, 258 (D. Mass. 2005).

Plaintiff contends that the numerosity requirement is easily satisfied here. In its interrogatory responses, defendant reports that it sold approximately 8-12 vehicles per month before it permanently closed in December, 2021. Plaintiff accordingly estimates that defendant sold between 264 and 396 vehicles during the class period (which accounts for 33 months of sales). He further contends that all customers were charged the $489 documentary preparation fee.

Defendant rejoins that plaintiff's estimated class size is purely speculative. Plaintiff has failed to produce any evidence of other advertisements or support for his claim that other customers viewed advertisements before purchasing a vehicle. Plaintiff estimates that at least 10% of the 264 to 396 customers viewed The Garage's advertisements before purchasing a vehicle but does not explain how he arrived at that approximation.

The Court concludes that plaintiff has, however, satisfied the low hurdle posed by Rule 23's numerosity requirement. He

-5-

fairly estimates that defendant sold approximately 300 vehicles during the class period and it is reasonable to assume that many of those purchasers viewed similar advertisements to the one seen by Barrett before his purchase. See McCuin v. Sec'y of Health & Human Servs., 817 F.2d 161, 167 (1st Cir. 1987) ("[D]istrict courts may draw reasonable inferences from the facts presented to find the requisite numerosity.").

### 2. Commonality

The commonality requirement is met when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The Supreme Court has explained that

> [c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury... Their claims must depend upon a common contention ... [that] is capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349-50 (2011) (internal quotation marks and citations omitted). The requirement presents "a low bar, and courts have generally given it a permissive application." Fleming v. Select Portfolio Servicing, 342 F.R.D. 361, 365 (D. Mass. 2022) (citing In re New Motor Vehicles Canadian Exp. Antitrust Litig., 522 F.3d 6, 19 (1st Cir. 2008)). Commonality requires only a single issue common to all members of the class.

Barrett argues that all putative class members suffered the same injury and their claims present a common question of law. To resolve all of their claims, the Court will have to decide whether defendant's failure to disclose a documentary preparation fee in its vehicle advertisements violated the laws and regulations of Massachusetts.

Defendant responds that plaintiff cannot satisfy the commonality requirement because he cannot demonstrate that all vehicle buyers faced the same circumstances.  Defendant avers that it consistently notified potential buyers that its advertised price did not include a required documentary preparation fee and submits an exhibit to its opposition of an advertisement for a 2014 Acura that states that "[p]rices and payments do not include standard doc fee, taxes, titles or registration fees."  It notes that a Massachusetts Superior Court judge declined to certify a class in a similar case in which a vehicle purchaser sued a car dealership over its alleged failure to include a documentary preparation fee in its advertised sale price of a vehicle. Farahmand v. Quirk Works, Inc., 2019 Mass. Super. LEXIS 461 (July 1, 2019).

In Quirk Works, the state court decided that there was no basis to find that the dealership's practice of adding a documentary preparation fee to the total sales price of a vehicle was unfair or deceptive because the preparation fee was

-7-

required by law. See id. at *8.  The court also found there was insufficient information in the record to identify how many individuals, if any, saw a "window sticker" that did not include the documentary preparation fee. See id. at *9-10.  That window sticker was the only online or print advertisement that did not refer to the documentary preparation fee.  The court further suggested that the disclaimer in the dealership advertisement warning customers of the existence of an additional fee (rather than inclusion of that fee in the stated price) satisfied Section 5.02(3). Id. at *10 n.2.

This Court is not bound by Quirk Works and disagrees with its interpretation of Section 5.02(3). Section 5.02(3) makes it an unfair or deceptive practice

> for a motor vehicle dealer to advertise the price of motor vehicles unless such price includes all charges of any type which are necessary or usual prior to delivery of such vehicles to a retail purchaser, including without limitation any charges for . . . documentary preparation, but excluding taxes and optional charges for the dealer's preparation of title and assistance in registering a vehicle.

(Emphases added.)  The plain text of Section 5.02(3) makes it an unfair or deceptive practice for dealerships not to include documentary preparation fees in their advertised prices.  Under the regulation, it is not enough for a dealership to publish a sales price with a disclaimer or footnote that apprises

consumers of the existence of a separate preparation fee. The fee must be included in the advertised price and defendant's argument that the documentary preparation fee is an "optional charge[] for the dealer's preparation of title" within the meaning of Section 5.02(3) is unpersuasive. That reading would require the Court to ignore the plain text of the regulation, which instructs dealerships to include any charge for "documentary preparation" in the advertised price. Presumably, defendant's separate $100 fee for "title preparation" would fall under the "optional charge" provision.

Accordingly, even if some putative class members saw an advertised price from The Garage that did not include any documentary preparation fee but notified purchasers that the fee would be added later, they would still be eligible to join the class.

### 3.  Typicality

The typicality requirement is satisfied when the claims or defenses of the representative parties are typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Typicality does not require that all putative class members share "identical claims." Garcia v. E.J. Amusements of N.H., Inc., 98 F. Supp. 3d 277, 289 (D. Mass. 2015) (citation omitted). Rather, typicality is established if the claims of the class representative 1) arise out of the same event or course of

conduct that gives rise to the claims of other class members, and 2) are based upon the same legal theory. Garcia-Rubiera v. Calderon, 570 F.3d 443, 460 (1st Cir. 2009) (citation omitted).

Barrett alleges that he suffered the same injury as every other putative class member: he paid the fee after viewing an advertised price for the vehicle that did not include the fee. He insists that no facts or circumstances distinguish his claim from the claims of other putative class members.

Defendant contends that Barrett is not typical of the proposed class because he received a $200 discount off the price of his vehicle after complaining about the documentary preparation fee.

The typicality requirement is nevertheless satisfied. So long as potential class members all saw advertisements that contained the same kind of misleading information, it does not matter that they saw different advertisements. See Yarger v. ING Bank, fsb, 285 F.R.D. 308, 319 (D. Del. 2012).  While Barrett may have received a $200 discount after complaining about the fee, such a discount does not appear to have been applied against the fee. Barrett's vehicle purchase contract accounts for a $489 documentary preparation fee in the final sales price.

### 4. Adequate Representation

The element of adequacy is satisfied if 1) there is no conflict between the interest of the named plaintiffs and the

-10-

class members and 2) counsel chosen by the named plaintiffs are qualified and able to litigate the claims vigorously. S. States Police Benevolent Ass'n, 241 F.R.D. at 88 (citing Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985)).

Barrett declares that there is no conflict of interest between him and the proposed class. Furthermore, he contends that class counsel has regularly been appointed in consumer class actions, including in other sessions of this Court. See Rocke v. Monarch Recovery Mgmt., Inc., 20-cv-11736-RWZ (D. Mass. May 11, 2023).

Defendant replies that Barrett is not a member of the class he purports to represent because his wife, Sarah Clem ("Clem"), also purchased the vehicle and is listed on all relevant paperwork as the owner and registrant. Barrett's interests are purportedly not aligned with other vehicle owners.

Barrett and Clem are both listed as purchasers on the motor vehicle purchase contract and Barrett represents that he, not his wife, read the advertisement for the purchased vehicle. Given that the alleged injury emanates from the observation of the advertisement and purchase of the vehicle rather than its continued ownership, the adequacy requirement is satisfied.

**C.   Rule 23(b)(3)**

Plaintiff moves the Court to certify the class pursuant to Rule 23(b)(3). Therefore, in addition to the Rule 23(a) requirements, the court must be convinced that

> questions of law or fact common to the members of the class <u>predominate</u> over any questions affecting only individual members, and that a class action is <u>superior</u> to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3)(emphases added).

**1.   Predominance**

The First Circuit Court of Appeals has explained that the

> aim of the predominance inquiry is to test whether any dissimilarity among the claims of class members can be dealt with in a manner that is not inefficient or unfair.

<u>In re Asacol Antitrust Litig.</u>, 907 F.3d 42, 51 (1st Cir. 2018) (cleaned up). While the "predominance" requirement is much more demanding than the Rule 23(a) prerequisite of commonality, it does not require complete uniformity. See <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591, 623-24 (1997). The plaintiff need only prove that individualized questions will not "overwhelm" the common ones. <u>In re Nexium Antitrust Litig.</u>, 777 F.3d 9, 21 (1st Cir. 2015). Thus, the "need for some individualized determinations" will not defeat class certification. <u>Id.</u>

Barrett avers that the predominance criterion is satisfied here because the only remaining question is which of the

putative class members viewed The Garage's advertised price before purchasing his or her vehicle.  He submits that individual class members can verify whether they saw an advertisement through a "straightforward claim form that is sent out with the class notice." See Asacol, 907 F.3d at 52-53; see also Ortiz v. Sig Sauer, Inc., 2023 WL 1928094, at *6 (D.N.H. Feb. 10, 2023) ("[T]he First Circuit Court of Appeals has approved of self-identification as a method for ascertaining class members, unless there is reason to believe that the defendant will rebut the affidavits."). Plaintiff proposes asking members a single question: "Did You See An Advertisement For Your Vehicle Before You Purchased It?"

    Defendant argues that Massachusetts and federal courts have denied motions for class certification where plaintiffs fail to show that every product sold included a deceptive advertisement. It avers that there would have to be an individualized inquiry as to whether each potential class member saw an advertisement before purchasing a vehicle.

    While individual customers may have seen different advertisements, the misleading omission was presumably the same: the absence of the documentary preparation fee in the listed price. See In re First Alliance Mortg. Co., 471 F.3d 977, 992 (9th Cir. 2006) ("The class action mechanism would be impotent if a defendant could escape much of his potential liability . .

. by simply altering the wording or format of his misrepresentations across the class of victims."). Again, plaintiff has submitted one advertisement in which the fee was not referred to.

Defendant responds that it regularly disclaimed the existence of a fee but did not include the fee in its sales price. As the Court noted supra, an advertised price that includes that disclaimer may still be unfair or deceptive under Section 5.02(3). Furthermore, The Garage questions the efficacy of plaintiff's proposed affidavit but does not "expressly state[] [its] intention to challenge any affidavits that might be gathered." See Asacol, 907 F.3d at 52-53.

The Garage also disputes whether plaintiff's proposed claim form will properly weed out ineligible class members. The Court is satisfied that the adjudication of individual issues will not predominate but agrees that plaintiff's proposed question ("Did You See An Advertisement For Your Vehicle Before You Purchased It?") does not suffice. It is not enough for class members to have seen an advertisement; plaintiff must ensure that class members

> suffered a separate, identifiable harm arising from the regulatory violation that is distinct from the claimed unfair or deceptive conduct itself.

Bellermann v. Fitchburg Gas & Elec. Light Co., 475 Mass. 67, 73 (2016) (cleaned up). Therefore, the claim form must confirm

that putative class members: 1) before purchasing the vehicle, saw an advertisement placed by The Garage (rather than by some third party) that displayed an advertised sales price which did not account for the documentary preparation fee, 2) became aware of the fee only after deciding to purchase and 3) paid more for the vehicle than originally anticipated.

### 2. Superiority

Plaintiff also asserts that a class action is appropriate because the individual class member claims are modest. Under Chapter 93A, class members' potential recovery would be limited to the recovery of the unauthorized documentary fee. See Mass. Gen. Laws ch. 93A, § 9.

The Court agrees. A class action here is superior because individual damages

> would not be great enough to pursue relief absent a class and because the number of [class members] makes it administratively easier to try them all together.

Ruiz v. NEI Gen. Contr., Inc., 2024 WL 869445, at *10 (D. Mass. Feb. 29, 2024).

**ORDER**

For the reasons set forth above, plaintiff's motion for class certification (Docket No. 42) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 5, 2024